## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROY H. MCLAUGHLIN, JR. (#399370)**                                    **CIVIL ACTION**

**VERSUS**

**23-115-JWD-SDJ**

**TIM HOOPER, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 12, 2023.

*/s/ Scott Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY H. MCLAUGHLIN, JR. (#399370)                    CIVIL ACTION

VERSUS

TIM HOOPER, ET AL.                                   23-115-JWD-SDJ

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Tim Hooper, Shannon Demars, Paul Smith, and James LeBlanc, complaining that his constitutional rights have been violated due to unconstitutional conditions of confinement and the failure to protect him from harm at the hands of another inmate. Plaintiff requests monetary and injunctive relief.

28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's Allegations**

In his Complaint, Plaintiff alleges that on December 10, 2021, he was transferred to Camp C, CCR Dorm Wolf 3, from Death Row Extended Lockdown (CCR). He alleges that illegal activities are occurring in this dorm, including the trafficking of drugs and contraband by employees, which poses a danger to Plaintiff, other inmates, and prison visitors.

In the spring of 2022, Plaintiff wrote a letter to Defendant Warden Tim Hooper regarding inmate Veal. Veal, a drug user and trafficker, had attacked another inmate. Due to Veal's bullying attitude, Plaintiff suggested that Veal should be removed from the dorm before he attacked another inmate. Defendants Hooper, Demars, and Smith were notified of Plaintiff's concerns about inmate Veal and the probability that inmate Veal would cause additional harm sometime in the near future.

Plaintiff subsequently wrote two additional letters to Defendant Hooper regarding inmate Veal. One letter described inmate Veal's verbal threats directed towards Plaintiff. The other

letter notified Defendant Hooper that inmate Veal was covertly searching the dorm for something he could use as a shank or a knife. No action was taken.

On June 30, 2022, Plaintiff was sitting alone when he was approached by inmate Veal. Inmate Veal was aggressive towards Plaintiff. Plaintiff walked away, but inmate Veal followed, cornered Plaintiff, accused him of bumping his foot, and then physically attacked Plaintiff. Inmate Veal grabbed Plaintiff's wrist and pushed and pulled him as Veal screamed in Plaintiff's face. Plaintiff struggled to break free, causing injuries to his wrist and right elbow. Plaintiff sought treatment for his injuries and has continued to do so through December of 2022.

Plaintiff filed an ARP seeking to have inmate Veal removed from the Wolf 3 dorm and sent a letter to Defendant Hooper, requesting an investigation by the prison and an outside agency. On July 6, 2022, inmate Veal was removed from the dorm. Only July 20, 2022, Plaintiff requested that inmate Veal be placed on Plaintiff's enemies list. On August 10, 2022, Plaintiff was moved from the Wolf 3 dorm back to Death Row CCR, and inmate Veal was moved back into the dorm. Despite being moved from the Wolf 3 dorm, Plaintiff wrote a several letters to Defendant LeBlanc and others regarding the conditions of Camp C, his willingness to help, and his requests for an investigation.

## Official Capacity Claims

First, as to any claims Plaintiff may be asserting against Defendants in their official capacities, section 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against state officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and

individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, Plaintiff's claim for monetary damages asserted against Defendants in their official capacities is subject to dismissal. In contrast, Plaintiff's claims for monetary damages asserted against Defendants in their individual capacities remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, Plaintiff must prove a deprivation of a constitutional right to obtain any relief.

## Individual Capacity Claims

### *Claims on Behalf of Others*

Many of Plaintiff's allegations pertain to harms which may befall other inmates, prison employees, or members of the general public, but Plaintiff lacks standing to seek relief on behalf of others. Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners ..., he lacks standing to bring those claims."); *see Kennedy v. Dallas Police Dep't*, 2007

WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[1]

*Conditions of Confinement*

With regards to Plaintiff's allegations of the presence of drugs and contraband in the Wolf 3 dorm and that the dorm is dangerous, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825 (1994). Encompassed within the notion of "humane conditions of confinement" are assurances that prisoners will receive adequate food, shelter, clothing, and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the inmates." *Farmer,* 511 U.S. at 832(quoting, *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)).

In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, a plaintiff must satisfy both a subjective and objective component. First, the objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)(emphasis added). A sufficiently serious deprivation is one which denies the inmate "the minimal civilized measure of life's necessities." *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). Only such deprivations are sufficiently grave to constitute cruel and unusual punishment. *Id.*

---

[1] *See also Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights...."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider ... whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

Second, the subjective requirement necessitates that the prison official must have acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834 (citations omitted). A prison official's culpable state of mind is measured by deliberate indifference, which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana,* 122 F.2d 286, 292 (5th Cir.1997); *Farmer,* 511 U.S. at 838-840. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer,* 511 U.S. at 835 (citing, *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)).

As previously stated, a conditions of confinement claim must satisfy tests for both objective and subjective components. However, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998).

Here, Plaintiff complains that the Wolf 3 dorm was dangerous due to trafficking of drugs and contraband. However, Plaintiff has not alleged a sufficiently serious deprivation. Compare *Williams v. Edwards*, 547 F.2d 1206 (5th Cir. 1997), wherein the Fifth Circuit Court of Appeals concluded that the following conditions at LSP violated the Constitution: insufficient cell space resulting in an inability to segregate dangerous prisoners; 270 stabbings; 20 deaths; easy inmate access to weapons; lack of security personnel to confiscate weapons; fire and safety hazards; sanitations problems, including accumulation of sewage under the main kitchen and a serious rodent problem; lack of medical staff resulting in inmates administering treatments; unsanitary

conditions; substandard equipment; and an untrained unlicensed pharmacist. Plaintiff's general allegations herein do not show an extreme deprivation of a minimal civilized measure of life's necessities. As such, Plaintiff's Complaint fails to state a claim for unconstitutional conditions of confinement.

*Failure to Protect*

With regards to the alleged attack by inmate Veal, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

Plaintiff alleges herein that inmate Veal attacked another inmate, then threatened Plaintiff, and later attacked Plaintiff before finally being removed from the Wolf 3 dorm. Plaintiff further alleges that he informed Defendant Hooper of Veal's verbal threats prior to being attacked by Veal. However, Plaintiff does not describe the nature of the alleged threats, nor

how much time elapsed between the alleged threats by Veal, the sending of his letter to Defendant Hooper, and the attack by Veal. As such, it is unclear if Plaintiff faced a substantial risk of harm or that Defendant Hooper had time to act with regards to any risk of harm and failed to do so. Plaintiff should be granted leave to amend his Complaint in this regard.

However, with regards to Defendants Demars and Smith, Plaintiff alleges only that these Defendants were informed of Plaintiff's concerns about inmate Veal after another inmate was attacked. At the time, inmate Veal had not threatened Plaintiff. As such, there was no specific risk of harm to Plaintiff that Defendants Demars and Smith knew of and disregarded. As such, Plaintiff has failed to state a claim against Defendants Demars and Smith.

*Deliberate Indifference*

To the extent Plaintiff complains about the treatment for his elbow, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his

medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

Plaintiff's allegations do not show that he has been denied treatment, been provided with purposefully improper treatment, or that his medical complaints have been ignored. Plaintiff alleges that, each time he sought care for his right elbow, he was seen by medical personal. Plaintiff was first advised to continue taking Meloxicam, which had originally been prescribed for Plaintiff's ankle. When the pain continued, a steroid was prescribed on two occasions. Plaintiff's prescription for Meloxicam was also refilled. As such, Plaintiff has been examined by medical personnel and has been provided with treatment. Plaintiff has not alleged any facts tending to show deliberate indifference to his serious medical needs.

*Administrative Proceedings/Informal Complaints*

To the extent Plaintiff complains of the mishandling of his grievances and/or informal complaints, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

**Supplemental Jurisdiction**

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that most of the Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**RECOMMENDATION**

It is recommended that Plaintiff's Motion to Have the U.S. Marshal Service Perform Service (R. Doc. 3) be denied as premature. It is further recommended that Plaintiff's claims, *except for Plaintiff's failure to protect claim asserted against Defendant Hooper*, be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2] It is further recommended that Plaintiff be granted 21 days to amend his Complaint to state additional facts pertaining to the alleged threats by Veal and Defendant Hooper's alleged knowledge of a risk harm to Plaintiff by inmate Veal. It is further

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

recommended that the exercise of supplemental jurisdiction be declined, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on June 12, 2023.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**