UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROY H. MCLAUGHLIN, JR. (#399370)            CIVIL ACTION

VERSUS

23-115-JWD-SDJ

TIM HOOPER, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 22, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROY H. MCLAUGHLIN, JR. (#399370)**                                CIVIL ACTION

**VERSUS**

                                                                                      23-115-JWD-SDJ

**TIM HOOPER, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss (R. Doc. 22) filed on behalf of remaining Defendant, Tim Hooper. The Motion is opposed. *See* R. Doc. 24.

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Tim Hooper, Shannon Demars, Paul Smith, and James LeBlanc, complaining that his constitutional rights have been violated due to unconstitutional conditions of confinement and the failure to protect him from harm at the hands of another inmate (Veal). Plaintiff requests monetary relief.

All Plaintiff's claims were dismissed except for Plaintiff's claim asserted against Defendant Hooper, in his individual capacity, for failure to protect. With regards to this claim, Plaintiff was granted leave to amend to state additional facts pertaining to alleged threats by inmate Veal and Defendant Hooper's alleged knowledge of a risk of harm to Plaintiff by inmate Veal. *See* R. Doc. 11. Plaintiff filed an Amended Complaint (R. Doc. 10), and the Court, after finding that Plaintiff had a reasonable opportunity to prevail on the merits, ordered service and established deadlines for discovery and the filing of cross-motions for summary judgment. *See* R. Doc. 14. After being served, Defendant Hooper filed the instant Motion.

Defendant asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, a court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

**Plaintiff's Allegations**

In his Complaint, as amended, Plaintiff alleges the following: In the early spring of 2022, Plaintiff wrote a letter to Defendant Warden Tim Hooper regarding inmate Veal. Veal, a drug user and trafficker, had attacked another inmate. Due to Veal's bullying attitude, Plaintiff suggested that Veal should be removed from the dorm before he attacked another inmate.

Plaintiff subsequently wrote two additional letters to Defendant Hooper regarding inmate Veal. One letter, dated June 6, 2022, described inmate Veal's verbal threats directed towards Plaintiff, including threats to stab, choke, and stomp Plaintiff. The letter was placed in an envelope and "urgent warden hooper only" was written in large letters on the envelope. Letters marked and mailed in a similar manner are read by an employee of the warden within 48 hours and then the warden is immediately made aware of the same.

The other letter, written shortly after the June 6th letter, notified Defendant Hooper that inmate Veal was covertly searching the dorm for something he could use as a shank or a knife. On June 30, 2022, Plaintiff was sitting alone when he was approached by inmate Veal. Inmate Veal was aggressive towards Plaintiff. Plaintiff walked away, but inmate Veal followed, cornered Plaintiff, accused him of bumping his foot, and then physically attacked Plaintiff. Inmate Veal grabbed Plaintiff's wrist and pushed and pulled him as Veal screamed in Plaintiff's face. Plaintiff struggled to break free, causing injuries to his wrists and right elbow. Plaintiff sought treatment for his injuries and continued to do so through December of 2022. Inmate Veal was finally removed from the dorm on July 6, 2022.

**Qualified Immunity**

In response to Plaintiff's allegations, Defendant asserts that he is entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one

and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that Defendant's motion should be denied. Plaintiff's allegations, accepted as true, state a claim against Defendant Hooper under the Constitution.

### *Failure to Protect*

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

"Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Id.* at 837. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a

substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id. at 847*. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.* at 837.

An inmate's correspondence to a prison administrator may establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation. *See Vance v. Peters,* 97 F.3d 987, 992–93 (7th Cir.1996) ("[A] prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.").

Accepting Plaintiff's allegations as true, Plaintiff notified Defendant Hooper on or about June 6, 2022, and again shortly thereafter, that inmate Veal was threatening to physically harm Plaintiff and was searching for a weapon to use in the attack. As such, Plaintiff faced a substantial risk of harm, and Defendant Hooper, who would have been notified within 48 hours of receipt of Plaintiff's letter in his office, had time to act and failed to do so before Plaintiff was attacked by Veal on June 30, 2022.

As such, accepting Plaintiff's allegations as true as required by Rule 12(b)(6), Plaintiff has stated a claim against Defendant Hooper for failure to protect him from harm at the hands of another inmate. Of course, on summary judgment a different standard applies, and Plaintiff will have to meet his burden of showing, with competent summary judgment evidence, that Defendant Hooper had knowledge of Plaintiff's correspondence and its contents prior to the attack by inmate Veal.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that Defendant's Motion to Dismiss (R. Doc. 22) be denied.

Signed in Baton Rouge, Louisiana, on April 22, 2024.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**